UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No. 99-1889 Civ-T-26C

CISCO TECHNOLOGY, INC., a
California corporation,

    Plaintiff,

v.

COMMUNICATION INSTALLATION
AND SERVICE COMPANY, INC., a
Florida corporation and JOHN J.
BOROTA, an individual,

    Defendants.

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FEDERAL FALSE
DESIGNATION OF ORIGIN, FEDERAL AND
FLORIDA DILUTION, FLORIDA FALSE
AND MISLEADING ADVERTISING,
FLORIDA UNFAIR COMPETITION AND
PASSING OFF AND UNJUST ENRICHMENT,
WITH INJUCTIVE RELIEF SOUGHT

Cisco Technology, Inc. alleges as follows against Defendants Communication Installation and Service Company, Inc. and John J. Borota:

## I. THE PARTIES

1. Plaintiff Cisco Technology, Inc. is a corporation of the State of California having its principal place of business at 170 West Tasman Drive, San Jose, California 95134, and a wholly-owned subsidiary of Cisco Systems, Inc., a corporation of the State of California, of same address (hereafter collectively referred to as "Cisco").

2. On information and belief, Defendant Communication Installation and Service Company, Inc. ("Communication") is a Florida corporation having a principal place of business at 6275 46th Street North, Unit A, Pinellas Park, Florida 33781.

TPA#1571408.01

3.      On information and belief, Defendant John J. Borota ("Borota") is President of Defendant Communication and has instigated, overseen, directed and controlled the affairs of Defendant Communication, including those activities alleged wrongful herein. Defendant Borota is believed to reside at 4121 81st Ave. N., St. Petersburg, Florida 33702.

## II. JURISDICTION AND VENUE

4.      This is an action for trademark infringement, federal false designation of origin, federal and Florida dilution, Florida false and misleading advertising, Florida unfair competition and misappropriation and unjust enrichment. This Court has jurisdiction pursuant to 15 U.S.C. § 1331; 28 U.S.C. §§ 1338(a) and (b); and pendent jurisdiction over all state law claims derived from a common nucleus of operative fact.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## III. CISCO'S RIGHTS

6.      Cisco is famous as the world leader in the development, manufacture and sale of hardware and software relating to the networking of computers, including routers, LAN and ATM switches, dial-up access servers and network management software.

7.      Cisco is the owner and registrant of United States trademark registrations 1,542,339 for the mark CISCO for computer hardware for interconnecting local area networks, namely gateways and parts therefor, in International Class 9, (the "'339 registration"), which was registered on June 6, 1989; and is also the owner of United States trademark registration 1,996,957 for CISCO SYSTEMS for computer hardware and software for interconnecting, managing and operating local and wide area networks, in International Class 9 (the "'957 registration"), which was registered on August 27,

2

1996. These registrations are valid and subsisting and the '339 registration is incontestable. Cisco is also the owner of numerous applications and registrations for marks incorporating the CISCO name and mark.

8.  Since at least as early as 1984, Cisco has been commercially using the above marks in connection with its sale and offer for sale of computer networking products and related services and has been using its marks on goods and in connection with services in interstate commerce since at least as early as 1984. The benefit of the authorized use and display of the above marks inures to Cisco; Plaintiff Cisco Technology and Cisco Systems, Inc. are respective licensees for each other's names and marks.

9.  Cisco has given notice of its registered rights in its above marks by using the encircled "R" (®) symbol in connection with its marks, pursuant to 15 U.S.C. §1111.

10.  As a result of its extensive sales and substantial investment of resources in providing the highest quality products, Cisco has built substantial business good will and market identification in the trademarks CISCO and CISCO SYSTEMS. As a result, the marks have become well known among the public and industry as identifying Plaintiff's numerous products and services. Plaintiff's registered marks are unique and distinctive, such that they have become associated with Cisco in the mind of the public in connection with computer network products and services and are relied upon by the public to identify the goods and services provided in association therewith as having originated from Cisco.

11.  Cisco's widespread and substantial use its marks CISCO and CISCO SYSTEMS has conferred upon Cisco rights of such strength that Cisco's marks have

TPA#1571408.01

become "famous" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

## IV. DEFENDANTS AND THEIR ACTIVITIES

12. On information and belief, Defendant Borota organized Defendant Communication under the name of Communication Installation and Service Company, Inc. many years after Plaintiff's trademarks had become well known for computer networking apparatus and services. On information and belief Defendants Borota and Communication are in the business of installing and servicing computer network cabling and apparatus and servicing such apparatus.

13. Long subsequent to federal registration of Plaintiff's '339 Registration for the mark CISCO Defendants began advertising and holding out their company as operating under the name "Cisco" and offering cabling and installation services for computer networks in connection with the trademark and service mark CISCO.

14. These activities of Defendants have caused and are continuing to cause both actual confusion in the eyes of the public and blurring and tarnishment of Cisco's reputation. Such actual confusion, blurring and tarnishment has taken the form, <u>inter alia</u>, of complaints to Cisco from customers of Defendants regarding Defendants' services.

15. The name "Cisco" under which Defendants are operating is confusingly similar to Cisco's trade name, and the federally registered CISCO and CISCO SYSTEMS marks owned by Cisco and identified in paragraph 7 above.

4

16. Defendants' use of the term and mark "Cisco" has and is likely to continue to confuse the relevant purchasing public into believing that Defendants' goods and services are sponsored by or associated with those of Cisco.

17. Defendants have used marks or induced others to use marks confusingly similar to Cisco's marks in connection with the advertising, promotion, and solicitation of goods and services closely related to the goods and services of Cisco, without the consent of Cisco, and in a manner which has and is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers, and users of those goods and services.

18. Defendants' actions were done with constructive and actual notice of Cisco's senior rights in its marks, and were also performed with actual knowledge of the likelihood of confusion that would be engendered by Defendants' use of marks confusingly similar to Cisco's marks in connection with the advertising, promotion and sale of networking hardware and software, and local and wide area networks services.

19. On June 5, 1998, Cisco notified Defendants Borota and Communication that their use of marks confusingly similar to Cisco's marks infringed Plaintiff's rights, and Cisco requested that Defendants discontinue use of the term "Cisco" in connection with Defendant's business.

20. On August 20, 1998, Cisco received a response from an attorney G. Barry Wilkinson representing Defendants, declining to cease use of the term "Cisco" in connection with the offering of Defendants' goods and services.

**21.** In a letter dated September 3, 1998, Cisco reiterated its demand that Defendants cease use and display of the term and mark CISCO in connection with the offering of its goods and services. Defendants' attorney subsequently advised Plaintiff's attorney that Defendants refused said demand to cease use and display of the term "Cisco." Subsequent communications with Defendants' attorneys have failed to cause Defendants to cease their infringing activity.

**22.** On information and belief Defendants have willfully and wantonly engaged in these acts in an intentional attempt to trade on Cisco's reputation in the computer networking industry and to unfairly compete with Cisco to wrongfully obtain business by customers believing that Defendants are somehow affiliated with Cisco.

**23.** On information and belief Defendants have intentionally sought to cause dilution of Cisco's valuable rights in its marks by diminishing the ability of Cisco's marks to distinctly and uniquely identify Cisco and the goods and services provided in association therewith.

**24.** The acts of Defendant, as alleged in this Complaint, are without license, permission, or consent of Cisco. Cisco has been damaged by the actions of Defendants in an amount that is undetermined. Moreover, these acts have caused and, unless restrained by the Court, will continue to cause serious and irreparable harm to Cisco in and to the goodwill associated with Cisco's trademarks.

## V. CAUSE OF ACTION

**COUNT I:    FEDERAL TRADEMARK INFRINGEMENT**

25.     Cisco incorporates the allegations set forth in paragraphs 1-24 as if fully set forth herein.

26.     The activities of Defendants described herein infringe the trademarks of Cisco in violation of the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.*

**COUNT II:   FALSE DESIGNATION OF ORIGIN (FEDERAL)**

27.     Cisco incorporates the allegations set forth by paragraphs 1-24 as if fully set forth herein.

28.     Defendants have engaged in a false designation of origin by knowingly and willfully using marks confusingly similar to Cisco's marks in connection with the advertising, promotion and provision of goods and services closely related to the goods and services of Cisco, in violation of Cisco's exclusive rights to the use of its marks in association with these goods and services. Defendants' activities thus violate the provisions of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**COUNT III:  FEDERAL DILUTION**

29.     Cisco incorporates the allegations set forth by paragraphs 1-24 as if fully set forth herein.

30.     Defendants' activities have caused and are continuing to cause dilution of the distinctive qualities of Cisco's famous marks in violation of 15 U.S.C. § 1125(c). Defendants have willfully and wantonly engaged in these acts in an intentional attempt to

7

trade on Cisco's reputation by using marks confusingly similar to Cisco's marks, while having full knowledge of Cisco's rights in and to its distinctive and famous trademarks. On information and belief, Defendants have intentionally sought to cause dilution of the distinctive quality of Cisco's famous marks, both by blurring and by tarnishment.

COUNT IV:    FLORIDA DILUTION

**31.** Cisco incorporates the allegations set forth in paragraphs 1-24 as if fully set forth herein.

**32.** Defendants' activities have caused and are continuing to cause dilution of the distinctive qualities of Cisco's famous marks in violation of Fla. Stat. § 495.151

COUNT V:    FLORIDA FALSE AND MISLEADING ADVERTISING

**33.** Cisco incorporates the allegations set forth by paragraphs 1-24 as if fully set forth herein.

**34.** Defendants' unlawful acts set forth above constitute the assumption, adoption, or use, with the intent to deceive or mislead the public, for advertising purposes or for purposes of trade, of a designation or style or symbol, or simulation thereof, which may deceive or mislead the public as to the identity of Defendants or their products or services, or as to a connection of Defendants with Cisco, in violation of Fla. Stat. § 817.41.

**35.** Defendants' violations of Fla. Stat. § 817.41 have caused Cisco to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

**36.** Cisco reserves the right to amend Count V of the Complaint to seek punitive damages from Defendants as permitted and authorized by Fla. Stat. § 168.72. Defendants' violations of Fla. Stat. § 817.41, have caused Cisco to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

**37.** Cisco reserves the right to amend Count V of the Complaint to seek punitive damages from Defendants as permitted and authorized by Fla. Stat. § 768.72. Defendants' violations of Fla. Stat. § 817.41, unless enjoined by this Court, will continue to cause Cisco to sustain irreparable damage, loss and injury, for which Cisco has no adequate remedy at law.

**COUNT VI:  FLORIDA COMMON LAW UNFAIR COMPETITION AND PASSING OFF**

**38.** Cisco incorporates the allegations set forth by paragraphs 1-24 as if fully set forth herein.

**39.** Defendants' activities constitute unfair competition with Cisco by creating a likelihood of confusion in the trade as to the source or sponsorship of the goods or services. Defendants' unauthorized use of the CISCO marks is likely to lead the public to believe Defendants are in some way connected to Cisco and is likely to mislead persons in the ordinary course of purchasing the goods and services of Defendants and induce them to believe that they are purchasing genuine goods and services of Cisco, thereby injuring that reputation and good will and unjustly diverting from Cisco to Defendants the benefits arising therefrom.

**40.** Defendants' unlawful activities constitute unfair competition and passing off as prescribed by the common law and have caused Cisco to sustain monetary damage, loss and injury in an amount to be determined at the time of trial.

9

**41.** Cisco reserves the right to amend Count VI of the Complaint to seek punitive damages from Defendants as permitted and authorized by Fla. Stat. § 768.72.

**42.** Defendants' acts of unfair competition and misappropriation, unless enjoined by this Court, will continue to cause Cisco to sustain irreparable damages, loss and injury, for which Cisco has no adequate remedy at law.

**COUNT VII: UNJUST ENRICHMENT**

**43.** Cisco incorporates the allegations set forth by paragraphs 1-24 as if fully set forth herein.

**44.** Defendants have, by virtue of their wrongful activities, been unjustly enriched, at the expense of Cisco.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following alternative and cumulative relief:

**1.** An order preliminarily and permanently enjoining Defendants and their officers, directors, agents, affiliates, employees, representatives, and all those acting in concert or participating with them, from directly or indirectly engaging in or performing any and all of the following acts:

- **(a)** using or displaying in any manner labels, signs, literature, display cards, packaging, advertising, promotional materials, or other materials related to Defendants' services or goods bearing the word "CISCO." or any other mark, word or name confusingly similar to Cisco's federally registered marks;

- **(b)** using or displaying any words, terms, names, symbols, devices, or marks, including marks and domain names bearing the word "CISCO," which are likely to cause confusion, to cause mistake, to deceive, or to otherwise mislead the trade or the public into believing that Cisco and Defendant Communication are one and

TPA#1571408.01

the same, or are in some way connected, or that Cisco is a sponsor of Defendant Communication or that Defendant Communication is in some way affiliated with, associated with, authorized by, or under the supervision and control of Cisco, or that the services and products of Defendants originate from or are approved by Cisco, or which are likely in any way to lead the trade or the public to associate Defendant Communication with Cisco;

(c) performing any act or using or displaying any words, terms, names, symbols, devices, or marks, including marks bearing the word "CISCO," which cause dilution of the distinctive qualities of Cisco's famous marks; and

(d) performing any act, making any statement, or using or displaying any words, terms, names, symbols, devices, or marks, including marks bearing the word "CISCO," which unfairly compete with Cisco by passing off or inducing or enabling others to sell or pass off services and goods as coming from Cisco.

2. An Order requiring Defendants to deliver up for destruction all stationery, business forms, advertisements, products, containers, promotional materials, labels, packages, or other tangible materials, including any materials used in preparation thereof, which in any manner unlawfully use or make reference to Cisco, including materials bearing the terms "CISCO," "CisCO" or "Cisco" or any other terms or marks that are likely to be confused with Cisco's trademarks.

3. An Order requiring Defendants to account for and pay over to Cisco all gains, profits, and advances derived by them from the activities complained of.

4. An Order requiring Defendants to pay to Cisco an amount equal to all actual damages suffered by Cisco.

5. As a result of Defendants' willful and wanton activities, an Order requiring that Cisco recover from Defendants treble the amount of actual damages suffered by Cisco, and all of its litigation expenses, including reasonable attorneys fees, and costs, pursuant to 15 U.S.C. § 1117, 15 U.S.C. § 1125, Fla. Stat. 817.41 and all other applicable laws.

6. An Order awarding Cisco such other and further relief as this Court may deem just and proper.

Dated: August 16, 1999

_____
Janet L. Cullum
Todd S. Bontemps
Cooley Godward LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Trial Counsel for Plaintiff
Plaintiff Cisco Technology, Inc.

LOCAL COUNSEL:
C. Douglas McDonald Jr.
Florida Bar No. 296538
Andrew C. Greenberg
Florida Bar No. 996726
CARLTON, FIELDS, WARD
EMMANUEL, SMITH & CUTLER, P.A.
One Harbour Place
777 South Harbour Island Boulevard
Tampa, Florida 33602
Telephone: (813) 223-7000
Facsimile: (813) 229-4133

12